**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.                                                    Case No.:    3:92-cr-157-J-39JBT

VERDELL MARCEL BROOKS,

_____/

**ORDER**

This case is before the Court on Defendant Verdell Marcel Brooks's "Motion for Order Adjusting Sentence to Reflect Time Served on State Sentence." (Doc. 1) (Motion). Brooks moves the Court under U.S.S.G. § 5G1.3(b) to credit the time he served on a state court sentence against his federal court sentence. Brooks also asks the Court to retroactively designate the state facility where he served his state sentence as a federal facility. The United States opposes the Motion. (Doc. 9) (Response).

In 1992, Brooks pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). In 1993, after a remand from the Eleventh Circuit Court of Appeals,[1] the Court sentenced Brooks to a term of 210 months in prison based on a determination that he was an armed career criminal under 18 U.S.C. § 924(e).[2] But Brooks did not begin serving his federal sentence until January 30, 2013. See Response at 2.

---

[1] The Court initially sentenced Brooks to a term of 365 months in prison after determining he was both an armed career criminal and a career offender under U.S.S.G. § 4B1.1. See Dec. 1, 1992, Sentencing Tr. at 11-12, 21; see also Judgment. Following the Supreme Court's decision in Stinson v. United States, 508 U.S. 36 (1993), the Eleventh Circuit remanded the case for resentencing without the career offender enhancement. So, in December 1993, the Court resentenced Brooks without applying the career offender designation.

[2] The Court upheld Brooks's Armed Career Criminal Act (ACCA) sentence against a challenge under 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. 10) (Order Denying § 2255 Motion).

1

Before then, Brooks was in state custody serving a 40-year term of imprisonment for second-degree murder (which the state court had ordered to run concurrently with the federal prison sentence). See id. As things stand, Brooks's federal sentence for possession of a firearm by a convicted felon runs consecutively to the state court sentence for second-degree murder. According to the Federal Bureau of Prisons (BOP), Brooks will not be released from prison until April 27, 2028.[3]

Brooks argues that his federal sentence should run concurrently with the state sentence under U.S.S.G. § 5G1.3(b) because "the offense conduct of the Movant's state conviction of Dec. 4th, 1992 was in fact part of his federal conviction under [§] 1B1." Motion at 1-2. Brooks also contends that the Court has "jurisdiction to designate Movant's state holding facility as [a] federal facility to allow for states concurrent intent [sic] with his federal sentence." Id. at 2. The latter request would effectively render the state and federal sentences concurrent.

To the extent Brooks moves the Court to retroactively designate the state facility where he served his second-degree murder sentence as a federal facility, the United States argues the Court lacks jurisdiction to do so. Response at 3-4.[4] The United States argues that Brooks' request for retroactive designation of the state facility concerns the execution of his sentence, which Brooks can challenge only by filing a petition for writ of habeas corpus in the district where he is incarcerated, pursuant to 28 U.S.C. § 2241. To the extent Brooks argues that the Court should run the federal sentence concurrently with the state sentence under U.S.S.G. § 5G1.3(b), the United States argues that the Court

---

[3] https://www.bop.gov/inmateloc/
[4] The United States also argues that to the extent Brooks challenges the execution of his sentence, Brooks failed to exhaust administrative remedies. Id. at 4-5.

2

lacks authority to alter the judgment more than 20 years after the imposition of sentence. Response at 5-6. The United States is correct on both points.

## I. Retroactive Designation of the State Facility as a Federal Facility

Brooks moves the Court to retroactively designate the state facility where he served his sentence for second-degree murder as a federal facility. The United States suggests that, according to BOP records, Brooks informally made this request of BOP in 2017, that the request was denied, and that Brooks failed to exhaust administrative remedies. Response at 5.

The BOP has the discretionary authority to decide whether to retroactively designate a state institution for service of a federal sentence. See 18 U.S.C. § 3621(b). "[S]uch a decision has the practical effect of causing the state and federal sentences to run concurrent to each other." Humphreys v. Warden, 699 F. App'x 854, 860 (11th Cir. 2017) (citing Setser v. United States, 566 U.S. 231, 235 (2012)). However, a challenge "pertaining to … the retroactive designation of a state institution [is a] challenge[] to the execution of [the] sentence." Id. at 858 (citing United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000)). A challenge to the execution of the sentence is properly raised through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See McCarthan v. Director, Goodwill Indus. – Suncoast, Inc., 851 F.3d 1076, 1092-93 (11th Cir. 2017) (en banc) ("A prisoner sentenced by a federal court, for example, may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations.") (citation omitted).

As such, Brooks's request that the Court direct BOP to retroactively designate the state facility as a federal facility is a challenge to the execution of his sentence, which is

3

appropriate for a habeas corpus petition under 28 U.S.C. § 2241. "A petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration." Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985). "As [Brooks] is incarcerated at the Federal Correctional Institute in [Bennettsville, South Carolina], he is outside the jurisdiction of the [Middle District of Florida] for habeas corpus purposes." Id. Therefore, the Court lacks jurisdiction over Brooks's Motion to the extent he requests that the Court order BOP to retroactively designate the state facility as a federal facility under 18 U.S.C. § 3621(b). However, Brooks may seek the same relief by filing a petition for writ of habeas corpus in the district where he is incarcerated.

II. **Consecutive versus Concurrent Sentences Under U.S.S.G. § 5G1.3(b)**

Brooks also argues it is erroneous under U.S.S.G. § 5G1.3 for his federal sentence to run consecutively to his state sentence. According to the Sentencing Guidelines in effect in 1993, when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(b) (1993).[5] "In any other case, the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c) (1993). The sentence for the instant offense was a 210-month prison term for possession of a firearm by a convicted felon (as enhanced under the ACCA). The undischarged term of imprisonment,

---

[5] U.S.S.G. § 5G1.3(b) applies when § 5G1.3(a) does not. Section 5G1.3(a) was inapplicable because Brooks did not commit the instant offense while serving the term of imprisonment or after sentencing for the second-degree murder charge.

4

at the time of resentencing, was a 40-year prison sentence in the State of Florida for second-degree murder.

A district court's authority to correct a sentence is narrowly limited by statute. United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Even where a sentence is allegedly incorrect, a district court lacks the "inherent power" to go outside the strictures of federal sentencing statutes or the Federal Rules of Criminal Procedure to correct the sentence. United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002) (collecting cases). "Outside of Rule 35(c)[6] there exists no 'inherent authority' for a district court to modify a sentence." Id. at 1319. "But where an order or judgment is unclear, a court retains inherent authority to interpret ambiguities." United States v. Spallone, 399 F.3d 415, 421 (2d Cir. 2005).

To the extent Brooks asks the Court to run the sentences concurrently under its inherent authority, the Court has no inherent power to do so, except to clarify an ambiguity in the judgment. The original judgment and the order modifying the judgment are silent about whether the federal sentence should be consecutive or concurrent with the state sentence. See Judgment; Order Modifying Sentence. Title 18, United States Code, section 3584(a) answers how to resolve this ambiguity.

> …[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt…. <u>Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently</u>.

18 U.S.C. § 3584(a) (emphasis added). In other words, multiple terms of imprisonment

---

[6] "Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a)." Fed. R. Crim. P. 35 advisory committee's note (2002).

imposed at different times are presumed to run consecutively unless the sentencing court says otherwise (and provided the two sentences are not for an attempt and for an offense that was the sole objective of the attempt). Because the Judgment and Order Modifying Sentence were silent on the matter, the sentence for possession of a firearm by a convicted felon presumably runs consecutively with the state court sentence for second-degree murder. See id.[7]

To the extent Brooks asks the Court to correct the alleged § 5G1.3 error under Rule 35 of the Federal Rules of Criminal Procedure, the Court lacks jurisdiction to do so. Under Rule 35, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The time limit under Rule 35(a) is jurisdictional. Phillips, 597 F.3d at 1196-97 (citing Diaz-Clark, 292 F.3d at 1319). The Court resentenced Brooks on December 20, 1993. See generally Dec. 20, 1993, Resentencing Tr. Thus, the Court lacks jurisdiction to reduce Brooks's sentence under Rule 35 more than two decades after sentencing.

To the extent Brooks's argument could be construed as an argument to correct his sentence under 28 U.S.C. § 2255, the claim is neither timely nor cognizable. Because Brooks's conviction and sentence became final before enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, he had until April 23, 1997, to move to correct his sentence under § 2255(f). Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir. 1998). Brooks filed the instant Motion on October 19, 2015, so the claim is untimely under § 2255(f). Moreover, claims of error in the application of the Sentencing

---

[7]   Moreover, a judge has the discretion to choose whether the sentences he imposes will run concurrently or consecutively with other sentences that have been imposed in other proceedings, including state proceedings. Setser, 566 U.S. at 236 (citing Oregon v. Ice, 555 U.S. 160, 168-69 (2009)).

6

Guidelines are not cognizable under § 2255. See Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (prisoner's claim that the district court misapplied the Sentencing Guidelines' career offender enhancement was not cognizable under § 2255).

In any event, running Brooks's federal sentence consecutively to the state sentence does not offend § 5G1.3(b). Under § 5G1.3(b), the sentencing court should only run the sentence for the instant offense concurrently with an undischarged term of imprisonment to the extent that the conduct underlying the undischarged term of imprisonment was "fully taken into account in the determination of the offense level for the instant offense." United States v. Bidwell, 393 F.3d 1206, 1210 (11th Cir. 2004) (emphasis in original); U.S.S.G. § 5G1.3(b) & Application Note 2 (1993). Here, the sentence for the instant offense was for possession of a firearm by a convicted felon. The undischarged term of imprisonment was for second-degree murder. Needless to say, possession of a firearm by a convicted felon and murder are different crimes altogether.[8] And according to the Presentence Investigation Report (PSR), the offense level was based on Brooks being sentenced as an armed career criminal under the ACCA and U.S.S.G. § 4B1.4, minus two levels for acceptance of responsibility. PSR at ¶¶ 17-18. The ACCA sentence was based on the instant conviction for possession of a firearm by a convicted felon, plus prior convictions for the possession of cocaine with intent to sell, the sale or delivery of cocaine, and aggravated assault. Id. at ¶ 17. Brooks's second-degree murder conviction did not factor into the ACCA enhancement or the overall offense level. Because the conduct underlying the second-degree murder conviction was not "fully taken into account in the determination

---

[8] Thus, running the sentences consecutively does not implicate § 5G1.3(b)'s concern with preventing duplicative sentences for the same criminal conduct. Bidwell, 393 F.3d at 1209-10 (citing Witte v. United States, 515 U.S. 389, 405 (1995)).

7

of the offense level for the instant offense," running the federal and state sentences consecutively does not run afoul of § 5G1.3(b). See United States v. Harrington, 498 F. App'x 819, 823-25 (10th Cir. 2012) (district court did not err under U.S.S.G. § 5G1.3(b) by running federal sentence for possession of a firearm by a convicted felon consecutively with undischarged state sentence for attempted murder).

### III. Conclusion

Based on the foregoing, the Court lacks jurisdiction to retroactively designate the state facility where Brooks served his second-degree murder sentence as a federal facility. The Court also lacks authority to change the judgment to require that Brooks's federal and state sentences run concurrently. The consecutive nature of the sentences does not violate U.S.S.G. § 5G1.3(b) in any event. Accordingly, the "Motion for Order Adjusting Sentence to Reflect Time Served on State Sentence" (Doc. 1) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of May, 2019.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:

Counsel of record
Pro se defendant